IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| OTIS RODGERS, | ) | CASE NO.1:19-CV-00563 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

Before me[1] is an action under 42 U.S.C. §§ 405(g), 1383(c)(3) by Otis Lee Rodgers, Jr. seeking judicial review of the 2018 decision of the Commissioner of Social Security that denied Rodgers' 2015 application for disability insurance benefits.[2] The Commissioner has answered[3] and filed the transcript of the administrative proceeding.[4] Pursuant to my initial orders[5] the parties have briefed their positions,[6] submitted fact sheets and charts,[7] and met and conferred as to narrowing the issues.[8]

---

[1] The parties consented to my exercise of jurisdiction and the matter was transferred to me by United States District Judge John R. Adams. ECF No. 16.
[2] ECF No. 1.
[3] ECF No. 8.
[4] ECF No. 9.
[5] ECF Nos. 4, 10.
[6] ECF Nos. 14 (Rodgers brief), 19 (Commissioner brief).
[7] ECF Nos. 13 (Rodgers fact sheet), 14 attachment (Rodgers chart), 19 attachment (Commissioner fact chart).
[8] ECF No. 20.

1

For the following reasons the decision of the Commissioner will be reversed as not supported by substantial evidence, and the matter remanded for further proceedings consistent with this opinion.

## I.

Rodgers, who was 48 years old on March 31, 2018, the date last insured,[9] was found to have the following severe impairments: osteoarthritis of the hips and knees, morbid obesity, asthma, sleep apnea, personality disorder, and depressive disorder.[10] None of the impairments or combination of impairments were found to meet or medically equal a listing.[11] After reviewing the evidence, which included testimony from Rodgers that he used a cane on a daily basis for ambulation,[12] the ALJ determined that Rodgers had the following RFC:

> To perform light work as defined in 20 CFR 404.1567(b) except that claimant can never climb ladders, ropes and scaffolds. He can frequently climb ramps or stairs. The claimant can frequently kneel, crouch, and crawl. He must avoid jobs with concentrated exposure to temperature extremes, humidity, or environmental pollutants. The claimant is limited to simple routine type work with no production quotas for time or quantity but goal-oriented work is acceptable. The claimant is limited to superficial interactions as defined as speaking, signaling, or serving.[13]

In arriving at the RFC the ALJ considered pertinent evidence as it relates to Rodgers' mental condition as well as his physical impairments.

---

[9] Tr. at 26.
[10] *Id*. at 16.
[11] *Id*.
[12] Id. at
[13] *Id*. at 18.

2

As to the mental condition, the ALJ gave little weight to the 2017 and 2018 opinions of Dr. Alan Castro, M.D., Rodgers treating psychiatrist.[14] The ALJ stated that these opinions were inconsistent with the objective mental status examinations and that Dr. Castro did not provide a narrative explanation for his check box answers or give details of work function beyond a "mere list of symptoms."[15] The ALJ gave partial weight to the 2015 opinion of Dr. Herschel Pickholtz, who performed a consultative examination.[16] He gave "considerable weight" to the opinions of two state agency consultants who, in 2015, essentially "adopted the prior mental health limitations from the prior Administrative Law Judge decision."[17]

In the area of physical limitation, the ALJ gave great weight to the opinions of two state agency consultants, and then, citing the objective evidence, specifically the imaging record, the ALJ added more limitations to these opinions.[18] The ALJ, however, gave little weight to the 2018 functional opinion of Dr. Chris Young, M.D., and the 2018 opinion of Christine Ontko, an occupational therapist.[19]

As to Dr. Young, the ALJ stated that his opinion, which was based on a single evaluation of Rodgers, was not supported[20] by the February 2018 imaging of Rodgers' knees, which showed minimal degenerative changes, and by a June 2018 physical

---

[14] *Id.* at 24.
[15] *Id.*
[16] *Id.*
[17] *Id.* at 22.
[18] *Id.* at 23.
[19] *Id.*
[20] *Id.*

3

examination that showed 5/5 muscle strength and normal range of motion.[21] Again, as to Ms. Ontko, the ALJ found that her opinion was inconsistent with the objective medical evidence, as based on a single evaluation of Rodgers and came from a non-acceptable source.[22]

Rodgers here claims that the ALJ: (1) erred in the weight given to Dr. Castro's opinion as to mental limitations; (2) erred in concluding that Rodgers did not require a cane for ambulation; and (3) erred in finding that Rodgers had a capacity for light work.[23]

The Commissioner, in turn, asserts: (1) that the ALJ articulated good reasons for assigning little weight to Dr. Castro's opinion;[24] (2) that there were good reasons why the ALJ concluded that Rodgers did not require a cane;[25] and (3) that the ALJ did not "cherry pick" the evidence to making the finding as to light, and not sedentary, work.[26]

## II.

This matter is evaluated under the familiar substantial evidence standard and the treating physician rule that was in effect at the time.

*Dr. Castro* The ALJ, on the face of the opinion, gave the following reasons for discounting the opinion of Dr. Castro: (1) that it was inconsistent with the objective medical record, particularly normal mental status examinations in 2015, 2016 and 2018; (2) that Dr.

---

[21] *Id*. at 20.
[22] *Id*. at 23.
[23] ECF No. 14 at 1.
[24] ECF No. 19 at 8-10.
[25] *Id.* at 11-13.
[26] *Id*. at 4-6.

4

Castro used a check-box form that provided little detail on some answers and did not supply a narrative explanation as to other responses; and (3) Dr. Castro mostly described symptoms rather than give an opinion as to functional limitations.

I have long been uncomfortable with the practice of discounting medical opinions just because they are given as checked responses to questions in a questionnaire. That format is common and is used by state agency reviewers as well as by treating sources. The central inquiry should be whether the answers on the form are supported by the evidence.

Here, as Rodgers notes, Dr. Castro has been Rodgers treating psychiatrist for 20 years and works as part of a VA treatment team.[27] As such, Dr. Castro opined in both 2017 and 2018 that Rodgers has a marked limitation in his ability to cooperate with others and sustain a work routine,[28] and an extreme limitation on his ability to handle conflicts with others.[29]

Yet, the ALJ here chose to assign greater weight to two 2015 opinions from state agency reviewers[30] who plainly did not have the benefit of any records after that date, and specifically to the two treating source opinions of Dr. Castro. While an ALJ is entitled to give greater weight to an earlier opinion of a reviewing source over a later opinion of a treating source, there must be some indication that the ALJ considered this fact before assigning greater weight to the opinion of a source that was not based on the full record.[31]

---

[27] ECF No. 14 at 24-26.
[28] Tr. at 1543-44, 2010-11.
[29] *Id*.
[30] *Id*. at 173 (Aug. 6, 2015 Courtney Zeune, Psy. D), 186 (Nov. 11, 2015 Carl Tishler, Ph.D.),
[31] *Blakely v. Comm'r of Social Security*, 581 F.3d 399, 409 (6th Cir. 2009)

***The Use of a Cane*** Rodgers participated in a functional capacity evaluation at the Cleveland Clinic on May 30, 2018.[32] That assessment, by Dr. Chris Young, M.D., was that Rodgers be prescribed a cane, leg braces and a breathing machine.[33] As noted, the ALJ gave little weight to this opinion, stating that it was not supported by other 2018 evidence that showed only minimal degenerative changes in the knee, as well as 5/5 muscle strength in the leg and normal range of motion.[34]

Whatever else may be said of the basis for Dr. Young's opinion, the record clearly shows – and the ALJ acknowledged – that Rodgers is "morbidly obese."[35] As such, quite apart from whether his knee has minimal degenerative changes or his muscle strength in the leg or his ability to move it in a range of motion test, there is the issue of pain in Rodgers' hip and lower back, as well as foot pain, that has been documented since 2014 and, together with his weight, has resulted in repeated documentation of his use of cane and braces for ambulatory assistance.[36]

In short, there is ample, uncontroverted evidence over multiple years of Rodgers' needing a cane and braces to ambulate. With this foundation in the record, the decision to

---

[32] ECF No. 14 at 21.
[33] Tr. at 2110-11.
[34] *Id.* at 23. In what must be an unintentionally ironic observation, the ALJ also faulted Dr. Young for not "hav[ing] the benefit of reviewing the entire medical record prior to rendering his opinion." Would that the same thought occurred to the ALJ before giving greater weight to the 2015 opinions of state agency reviewers over the 2018 opinion of Dr. Castro.
[35] Tr. at 16.
[36] See, *id.* at 636 (2015 – cane); 808 (2014 – cane); 777 (2014 – low back, hip and knee pain – cane); 696-97 (2014 – cane); 1023 (2015 – cane for ambulation); 1466 (2017 – cane for ambulation); 1643 (back brace, bilateral knee braces and cane); 1865 (2018 – knee replacement not considered due to obesity).

give little weight to Dr. Young's 2018 functional capacity opinion in this regard is not supported by substantial evidence and the reasons given – that Dr. Young had just one visit with Rodgers and that Rodgers knee and range of motion were fine – are not "good reasons."

*The Residual Functional Capacity Finding* Given the conclusions reached as to the preceding issues, it follows that the RFC itself cannot stand as supported by substantial evidence.

### III.

For the reasons stated, the decision of the Commissioner is reversed as not supported by substantial evidence. The matter is therefor remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated: March 27, 2020              s/William H. Baughman Jr.
                                                                  United States Magistrate Judge